# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**SIDNEY E. LENOIR**                                                                                   **PLAINTIFF**

vs.                                                 **CIVIL ACTION NO. 1:15CV198-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration**            **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Sidney E. Lenoir appeals a decision by the Commissioner of Social Security denying her application for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff applied for disability on May 29, 2012, alleging disability beginning on August 16, 2011. Docket 7, p. 181-88. His claim was denied initially on July 13, 2012, and on reconsideration on January 29, 2013. *Id.* at 68-77, 78-98. She requested a hearing (*id.* at 109-110) and was represented by a non-attorney representative at the hearing held on November 5, 2014. *Id.* at 24-67. The Administrative Law Judge (ALJ) issued an unfavorable decision on March 16, 2015 (*id.* at 6-17), and the Appeals Council denied plaintiff's request for a review on September 22, 2015. *Id.* at 1-3. Plaintiff timely filed this appeal from the ALJ's most recent decision under 42 U.S.C. § 405(g), and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on January 28, 1960 and has a twelfth grade education. Docket 7, p. 181, 62. He was fifty-four years old at the time of the hearing. *Id.* at 62. His past relevant work was as a school bus driver, janitor, cement truck driver, and gravel truck driver. *Id.* at 62-63. Plaintiff contends that he became disabled before his application for disability as a result of complications from foot surgery and high blood pressure. Docket 7, p. 213. The ALJ determined that plaintiff suffered from "severe" impairments of "history of foot disorders, obesity, and hypertension" (Docket 7, p. 11), but that his impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* at 13.

Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity [RFC] to

> perform a full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c). He can lift 50 pounds occasionally and 25 pounds frequently. He can stand and walk for six hours in an eight-hour workday. He can sit for six hours in an eight-hour workday.

Docket 7, p. 14. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff's subjective complaints and hearing testimony were less than fully credible. *Id.* at 16. The ALJ evaluated all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, and found that because plaintiff could perform his previous jobs as a school bus driver, janitor, cement truck driver, and as a dump truck driver, he is not disabled under the Social Security Act. *Id.* at 16-17.

Plaintiff claims that the ALJ erred by concluding that he could perform a full range of medium work and concluding that his testimony was not credible. Docket 13, p.1.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th

---

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

**A. Whether the ALJ properly determined plaintiff's RFC.**

Plaintiff contends the ALJ improperly determined that he could perform a full range of medium work despite evidence that plaintiff can not stand for six hours in an eight hour work-day. Docket 13, p. 10. According to plaintiff, the ALJ conjured his own limitations, rendering erroneous the RFC finding and the ALJ's ultimate decision that plaintiff is not disabled. He contends that the ALJ erred in step four of the evaluation process by inappropriately concluding plaintiff's testimony as to his limitations was not credible and by relying on his own opinions to conclude that plaintiff could perform a reduced range of medium work. The Commissioner responds that the RFC is supported by substantial evidence because his own treating physician, Dr. Norris Crump, did not document any restrictions in his records. Docket 14, p. 5.

Plaintiff argues that no medical opinion provides the limitations established by the ALJ in his RFC determination. The Commissioner counters that the ALJ's opinion that plaintiff could perform medium work is supported by the record. Docket 14, p. 4-9. According to the Commissioner, Dr. Crum's records do not contain any physical limitations on plaintiff's ability to work, and because his office notes state that plaintiff "exhibited only 'slight' left foot edema and 'slightly' impaired ambulation," the RFC is supported by the record. Docket 14, p. 6.

5

The responsibility for determining the plaintiff's RFC belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), but in doing so he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite any physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). An ALJ may not establish physical limitations or the lack of such limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

Reading the record as a whole, the undersigned concludes that the ALJ thoroughly analyzed plaintiff's credibility, including his statements concerning his inability to stand or walk for extended periods of time; his evaluation of plaintiff's testimony in light of the medical evidence of record led him to reduce plaintiff's RFC from one with no limitations to a medium range of work. The ALJ considered treating physician Dr. Crump's two years of medical records for plaintiff. Those records indicate that plaintiff's left foot cellulitis/abscess was resolved by January 2012 and that his foot appeared cool with only minimal swelling. Docket 7, p. 15. Dr. Crump's notes further indicate that plaintiff can independently perform activities of daily living. Docket 7, p. 377-78. Dr. Crump did not place any restrictions on plaintiff's ability to perform work related functions.

Similarly, the ALJ considered the opinion of consulting examiner, Dr. John C. Adams, whose objective clinical tests were virtually entirely negative; though he observed that plaintiff

6

walked with a "mildly abnormal" gait, he further noted that plaintiff performed normal heel and toe walking. Docket 7, p. 394. Dr. Adams also concluded that plaintiff "would be able to zip, could hold a mop or broom, and could put on a shirt without a problem. It is expected that the claimant could loan in a van." Docket 14, p. 7, *citing* Docket 7, p. 395.

The burden of proving disability is on the plaintiff. A "plaintiff is required to establish that [he] suffered from a[n] impairment of disabling severity. The mere presence of some impairment is not disabling *per se*. Plaintiff must show that [he] was so functionally impaired by [his condition] that [he] was precluded from engaging in any substantial gainful activity." *Hames v. Heckler*, 707 F.2d 162, 165 (5th 1983). There is no indication in Dr. Crump's records that plaintiff had any condition that was so severe that he is precluded from engaging in any substantial gainful activity. Based upon a thorough review of Dr. Crump's records, as well as the remaining record evidence and consulting examiner's opinion, there is no impairment severe enough to prevent plaintiff from engaging in any substantial gainful activity. Because the ALJ was responsible for evaluating the medical evidence, and because the medical evidence as a whole supports the ALJ's RFC, plaintiff's assignment of error is without merit.

**B. Whether the ALJ properly evaluated plaintiff's credibility.**

Plaintiff contends that the ALJ erred when he gave little weight to plaintiff's allegations and subjective complaints in concluding that plaintiff's testimony was less than fully credible. Docket 13, p. 14. However, the court has reviewed the record, and it is clear that the ALJ did properly consider plaintiff's subjective complaints and the requisite factors necessary to assess plaintiff's credibility.

The ALJ thoroughly discussed plaintiff's impairments, his daily activities, his medical

7

treatment and medications or lack thereof, and the objective medical evidence of record. Specifically, the ALJ noted inconsistencies in plaintiff's testimony as to his abilities in comparison to statements made to, and observations made by, physicians concerning his abilities. The ALJ addressed in detail plaintiff's testimony and contrasted his statements with the objective medical evidence. The ALJ also noted that plaintiff has sought and received significantly less medical treatment than would reasonably be expected in a person with debilitating symptoms. Additionally, the ALJ considered plaintiff's assertion that his pain is disabling against his testimony that he takes no prescription medication for pain, and no physician has prescribed him any pain medication since his foot has healed. Given that the Fifth Circuit routinely has held that the ALJ is in the best position to assess a claimant's credibility, *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994),[11] the undersigned holds that the ALJ properly considered all of the factors necessary to properly evaluate plaintiff's credibility.

## IV. CONCLUSION

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record, properly identified the relevant listed impairments, fully discussed the evidence that was contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairment met or equaled a listed impairment. The ALJ performed a thorough analysis of the plaintiff's impairments and clearly considered the plaintiff's treatment records. The plaintiff did not provide credible evidence that his alleged impairment

---

[11]See also *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

affects his ability to work, and the ALJ adequately explained his reasons for questioning the plaintiff's credibility. As a consequence, the undersigned holds that the decision of the Commissioner should be affirmed.

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 8th day of August, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE